IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Naarl Richard, | C/A No. 0:11-1508-JFA-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Immigration and Naturalization Service; J. Al Cannon, Jr., | |
| Respondents. | |

The petitioner, Naarl Richard, ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is challenging a detainer lodged against him by the Immigration and Naturalization Service ("INS").[1] This appears to be Petitioner's third attempt to challenge, via a separate civil action, his detention relating to pending criminal charges. See Richard v. Pritchard, C/A No. 0:10-2022-PMD, 2011 WL 837784 (D.S.C. Mar. 7, 2011); Richard v. Cannon, C/A No. 0:11-1192-JFA; see also United States v. Richard, Cr. No. 2:09-992-PMD. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed, as Petitioner is not "in custody" for purposes of 28 U.S.C. § 2241.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to 28 U.S.C. § 1915; the Rules

---

[1] Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).

Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Petitioner is currently held at the Charleston County Detention Center in Charleston, South Carolina on drug charges. (Pet., ECF No. 1 at 4.) He complains that he would be able to obtain bond on these charges but for a detainer issued by the INS. Petitioner challenges that detainer under 28 U.S.C. § 2241.

To challenge a detention via a federal habeas petition, a petitioner must be "in custody" as to the challenged conviction, sentence, or other restriction on liberty as defined by the habeas statute. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). Custody must exist at the time of the filing of the petition. See Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). The word "custody" usually " 'signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.' " Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538 (5th Cir. 2003) (quoting Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir.2000)).

In the instant Petition, Petitioner does not challenge a conviction or sentence; the "restriction on liberty" he challenges is instead a detainer lodged by the INS. The United States Court of Appeals for the Fourth Circuit has not determined whether the filing of a detainer places a

petitioner in the custody of the INS for habeas purposes. However, other circuits have determined that the lodging of a detainer does not render a petitioner "in custody" for purposes of § 2241. See Zolicoffer, 315 F.3d at 541; Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989); Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995); Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (prisoner *is* in INS custody because a final order of deportation has been entered, but not due to detainer alone); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990) (detainer alone did not render petitioner in INS custody). The Tenth Circuit has said:

> Almost all the circuit courts considering the issue have determined that the lodging of a detainer, without more, is insufficient to render the alien in custody. . . . The underlying rationale of the majority view is that a detainer, as distinguished from other INS orders, does not put a "hold" on the alien. A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on his liberty. Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody.

Galaviz-Medina, 27 F.3d at 493 (internal citations omitted).

Following the majority of circuit courts requires the conclusion that Petitioner is not subject to custody of the INS. Therefore, Petitioner cannot obtain relief from his detainer via a habeas petition under § 2241.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the Petition in the above matter be summarily dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

Page 4 of 5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).