UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Naarl Richard, | C/A No. 0:11-1508-JFA-PJG |
| Petitioner, | |
| v. | ORDER |
| Immigration and Naturalization Services; J. Al Cannon, Jr., | |
| Respondent. | |

Petitioner, Naarl Richard, a federal prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2241. Specifically, petitioner challenges a detainer lodged against him by the Immigration Customs Enforcement (ICE). This is the petitioner's third attempt to challenge, via a separate civil action, his detention relating to pending federal criminal charges for possession with intent to distribute heroin. He contends in this action that he is not able to make bond in his pending criminal case because of the detainer lodged by ICE.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that this action should be summarily dismissed because the petitioner is not "in custody" for purposes of § 2241. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on October 3, 2011. The petitioner has filed a document entitled "Report and Recommendation" which the court will construe as an objections memorandum. For the reasons which follow, the court agrees with the Magistrate Judge and summarily dismisses the petition.

The Magistrate Judge's Report and Recommendation points out that in order for a prisoner to challenge a detention via a federal habeas petition, the petitioner must be "in custody" after the challenged conviction, sentence, or other restriction on liberty as defined by the habeas statute. 28 U.S.C. § 2241(c)(3). Moreover, custody must exist at the time of the filing of the petition.

The Magistrate Judge points out that although the Fourth Circuit Court of Appeals has not addressed the issue, other circuits which have considered the precise issue presented here have determined that the lodging of a detainer does not render a petitioner "in custody" for purposes of § 2241. Accordingly, the Magistrate Judge recommends that the petition should be dismissed.

The petitioner's objection memorandum consists of little more than a reassertion of the underlying claim made in this case. Specifically, petitioner contends that "no bondsman service wants to take my bond because of the alleged I.N.S. detainer." This, of course, is not a proper objection to the Magistrate Judge's determination that the petitioner is not in custody. Moreover, the objection memorandum admits, with commendable candor, that "circuits has [sic] held that the filing of a detainer, alone, does not create custody in the I.N.S.

2

and a majority of district courts within the circuit have followed that authority." (Citing *Roney v. INS*, 462 F.Supp. 2d 285, 290 (D.Conn. 2006). Finally, petitioner cites humanitarian reasons why he should be released on bond. He points out that his grandmother, aunt, and uncle perished in the Haiti earthquake of 2010. Once again, this is not a proper objection to the Report.

For the foregoing reasons, all objections are overruled and the Report and Recommendation of the Magistrate Judge is incorporated herein by reference. This action is hereby dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 22, 2011  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge